IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| STANLEY HENRY BRANDON,            ) | CV. NO. 09-00457 DAE/LEK |
| )              | |
| Plaintiff,              ) | |
| )              | |
| vs.              ) | |
| )              | |
| SALTWATER INC.,              ) | |
| )              | |
| Defendant.              ) | |
| _____ ) | |

ORDER GRANTING DEFENDANT SALTWATER INC.'S MOTION TO
DISMISS COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT
<u>MATTER JURISDICTION</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  On September 29, 2009, Plaintiff filed a Complaint against Saltwater Inc., Defendant, alleging federal question jurisdiction due to Plaintiff's exercise of his right under Section 9 of the National Labor Relations Act, 29 U.S.C. §§ 151-169 (the "Act") to process a grievance against Defendant without the intervention of Plaintiff's collective bargaining agent, the Alaska Fisheries Division of Seafarers International Union of North America, AFL-CIO ("SIU").  (Compl. ¶¶ 1-2, Doc. # 1.)

Plaintiff complains of four alleged acts of Defendant: 1) Defendant attempted to coerce Plaintiff to leave out hours from his time sheet for which he

had worked; 2) Defendant stated that it had an agreement with SIU that Defendant would pay employees like Plaintiff the first time they submitted all their hours, but fire them if they declared all their hours again; 3) Defendant[1] wrote a letter to Plaintiff threatening him with termination for billing all of his hours worked; and 4) Defendant threatened to fire Plaintiff if he did not turn in a timesheet when Plaintiff had informed Defendant that he would not turn in any overtime hours until the grievance had reached a final state of adjustment or resolution.  (Id.)  In his prayer for relief, Plaintiff requests punitive damages for Defendant's attempt to coerce him, "wages overtime or otherwise" that have not been paid, and in the event of termination, an injunction of the court to end the wrongful termination and lost wages.[2]  (Id. at 4-5.)

On October 14, 2009, Defendant filed a Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction.  (Doc. # 8.)  December 7, 2009, Plaintiff filed a Motion Opposing Dismissal, which included a Motion to Add Defendants, a

---

[1] Plaintiff uses the terms Plaintiff and Defendant interchangeably. Recognizing that Plaintiff is pro se, the Court has attempted to rectify such usage in its summary of Plaintiff's claims.

[2] Plaintiff appears to attempt to amend his complaint through facts stated in his opposition.  However, Plaintiff does not state any claims in relation to such factual allegations and further may amend not his complain in this fashion. As Plaintiff concedes, the Court has before it only the issue of subject matter jurisdiction. (Opp'n at 2, 32.)

Motion for a Trial of Fact, a Motion to Deny the Use of or Define Jargon in Motions, a Motion to Amend the Pleadings, and a Motion for Interlocutory Order. (Doc. # 11.)  On December 10, 2009, the Court issued an Order construing Plaintiff's Motion Opposing Dismissal as a Memorandum in Opposition to Defendant's Motion to Dismiss and striking all of the other motions submitted by Plaintiff in his opposition.  (Doc. # 12.)  Also on December 10, 2009, Defendant submitted a Reply in support of its motion.  (Doc. # 13.)

The threat of termination alleged by Plaintiff for his alleged act of billing all hours worked and for presenting a grievance under a collective bargaining agreement is arguably prohibited by Section 8(a) of the Act, which states that "[i]t shall be an unfair labor practice for any employer -- (1) to interfere with, restrain, or coerce employees in the exercise of rights guaranteed" in Section 7 of the Act.  29 U.S.C. § 158(a)(1).  Section 7 of the Act guarantees employees the right to engage in or to refrain from engaging in concerted activities for the purpose of collective bargaining.  29 U.S.C. § 157.

As long as the nature of the employee's complaint is reasonably clear to the person to whom it is communicated, and the complaint does, in fact, refer to a reasonably perceived violation of the collective-bargaining agreement, the complaining employee is engaged in the process of enforcing that agreement.

NLRB v. City Disposal Systems, Inc., 465 U.S. 822, 840-41 (1984); Yellow Transportation, Inc., 343 NLRB 43, 47 (2004) (The filing of a grievance is protected concerted activity under the Act.).  Section 9 of the Act, relied on by Plaintiff, simply states that

> That any individual employee or a group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect[.]

29 U.S.C. § 159.

The Act grants exclusive jurisdiction for the resolution of alleged unfair labor practice charges to the National Labor Relations Board ("NLRB"), and federal and state courts may not adjudicate claims based on conduct that is even arguably prohibited by the Act.  29 U.S.C. § 160; San Diego Bldg Trades Council v. Garmon, 359 U.S. 236, 244-45 (1959) ("When an activity is arguably subject to § 7 or § 8 of the Act, the determination should be left in the first instance to the NLRB.); Hayden v. Reickerd, 957 F.2d 1506, 1512 (9th Cir. 1991).   Preemption by the Act does not require that a plaintiff have a certain remedy before the NLRB, or even that the NLRB will hear the claim.  Bassette v. Stone Container Corp., 25 F.3d 757, 759-60 (9th Cir. 1994).  Once a court determines that a plaintiff's claim

alleges conduct that is "arguably" or "potentially" subject to the Act, the court is required to defer to the NLRB. Id. at 760.

In opposition to dismissal, Plaintiff states that his action is to enforce his "prescriptive federal right to grieve directly and have that grievance adjusted." Preemption requires that Plaintiff's right, if any, must be determined by the NLRB. Moreover, a suit to recover wages is not within a federal court's federal question jurisdiction unless their nonpayment violates a specific federal law or the Federal Constitution. For all the reasons stated above, the Court lacks jurisdiction over Plaintiff's claim.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint Without Prejudice for Lack of Subject Matter Jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2009.



_____
David Alan Ezra
United States District Judge

Brandon v. Saltwater Inc., CV. NO. 09-00457 DAE/LEK; ORDER GRANTING DEFENDANT SALTWATER INC.'S MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION